IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN CARROLL MARVIN,<br><br>    Petitioner,<br><br>v.<br><br>GARY SWARTHOUT, Warden,<br><br>    Respondent. | No. C 13-02440 SBA (PR)<br><br>**ORDER LIFTING STAY AND DIRECTING RESPONDENT TO SHOW CAUSE WHY THE WRIT SHOULD NOT BE GRANTED** |

Petitioner, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His motion for leave to proceed in forma pauperis ("IFP") has been granted.

On September 16, 2013, the Court issued an Order granting Petitioner's request for a stay of proceedings while he returned to state court to exhaust his state judicial remedies. On October 22, 2013, Petitioner informed the Court that his state proceedings had concluded, and he filed a first amended habeas petition containing his newly-exhausted claims.[1]

---

[1] Petitioner filed his amended petition on a separate habeas petition form along with another IFP application and other documents; however, he did not indicate that they were to be filed in Case No. C 13-2440 SBA (PR). Therefore, a new action was opened -- Case No. C 13-4877 SBA (PR). In an Order dated December 16, 2013 in Case No. C 13-4877 SBA (PR), the Court dismissed his new action as opened in error. The Court directed the Clerk of the Court to file the amended petition in his previously-filed action -- the instant action -- Case No. C 13-2440 SBA (PR). After filing the amended petition in this action, the Clerk terminated as moot Petitioner's motion for leave to file an amended petition (Dkt. 9) and IFP application (Dkt. 12).

1    Before the Court are Petitioner's motion to lift the stay and motion to reopen the
2 instant action (Dkt. 9).

3    Good cause appearing, Petitioner's motions are GRANTED.

4    The Clerk of the Court shall REOPEN this case and serve a copy of this Order and <u>the
5 first amended petition and all attachments thereto</u> (Dkt. 11) upon Respondent and
6 Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also
7 serve a copy of this Order on Petitioner at his most current address.

8    Respondent shall file with this Court and serve upon Petitioner, within **sixty (60) days**
9 of the issuance of this Order, an answer conforming in all respects to Rule 5 of the Rules
10 Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be
11 issued.  Respondent shall file with the answer a copy of all portions of the state trial record
12 that have been transcribed previously and that are relevant to a determination of the issues
13 presented by the petition.

14    If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with
15 the Court and serving it on Respondent within **sixty (60) days** of his receipt of the answer.
16 Otherwise, the petition will be deemed submitted and ready for decision sixty days after the
17 date Petitioner is served with Respondent's answer.  Petitioner is reminded that all
18 communications with the Court, whether by way of formal legal motions or informal letters,
19 must be served on Respondent by mailing a true copy of the document to Respondent's
20 counsel.

21    Extensions of time are not favored, though reasonable extensions will be granted.
22 Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to
23 the deadline sought to be extended.

24    It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court
25 and Respondent informed of any change of address and must comply with the Court's orders
26 in a timely fashion.  Pursuant to Northern District Local Rule 3-11 a party proceeding <u>pro se</u>
27 whose address changes while an action is pending must promptly file a notice of change of
28 address specifying the new address.  <u>See</u> L.R. 3-11(a).  The Court may dismiss without

1 prejudice a complaint when: (1) mail directed to the pro se party by the Court has been
2 returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of
3 this return a written communication from the pro se party indicating a current address. See
4 L.R. 3-11(b); see also Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b)
5 applicable in habeas cases).

     This Order terminates Docket no. 9.

     IT IS SO ORDERED.

DATED: 2/17/2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge