UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JONATHAN CARROLL MARVIN,<br><br>    Petitioner,<br><br>vs.<br><br>DANIEL PARAMANO,<br><br>    Respondent. | Case No:  C 13-2440 SBA (PR)<br><br>**ORDER DIRECTING FILING OF NOTICE OF APPEAL; AND DENYING AS MOOT PETITIONER'S MOTION FOR STAY OF JUDGMENT OR ORDER**<br><br>Dkt. 61 |

Petitioner, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On December 10, 2020, the Court entered an order and judgment denying the petition on the merits.  Dkts. 59, 60.  Thereafter, on January 4, 2021, Petitioner filed a document entitled, "Motion for Stay of Judgment or Order," wherein he seeks a stay for the purpose of extending the time "to file a motion or Notice of Appeal for this case."  Dkt. 61 at 1.  Petitioner makes his request due to "pandemic restrictions" limiting access to the prison law library and a "pending state appellate case."  Dkt. 61 at 1. On April 26, 2021, Petitioner filed a "Notice of Update for Motion for Stay," wherein he informs the Court that restrictions limiting access to the law library have now "eased" but that his "related appellate case is still pending in state court."  Dkt. 62 at 1.[1]

As a preliminary matter, any document that clearly evinces an intent to appeal and is otherwise sufficient under Federal Rule of Appellate Procedure 3(c) may be construed as

---

[1] The Court makes no finding as to whether Petitioner's "related appellate case" in state court has any bearing on the instant matter.  Petitioner is directed to raise any issues involving that state appellate case in the Ninth Circuit.

the functional equivalent of a notice of appeal.  See Smith v. Barry, 502 U.S. 244, 245 (1992).  Petitioner's motion evinces an intent to appeal and otherwise satisfies the requirements of Rule 3(c).  See id. at 248.[2]  The Court therefore construes Docket No. 61 as a notice of appeal and directs the Clerk of the Court to file it as such.[3]

In view of the foregoing, Petitioner's request to stay or extend the time to file a notice of appeal is DENIED as moot.  Dkt. 61.  To the extent Petitioner also requests to stay or extend the time to file a "motion," id. at 1, the Court construes it as a request for an extension of time to file a motion for a certificate of appealability ("COA").  The Court notes that there is no time limit for requesting a COA.  See 28 U.S.C. § 2253(c).  In any event, in its Order dated December 10, 2020, the Court declined to issue a COA as to Petitioner's claims.  Dkt. 59 at 28-29.  Thus, there is no need for Petitioner to file a motion for a COA in this Court, and his request for an extension of time to do so is DENIED as moot.  As stated in the December 10, 2020 Order, Petitioner may not appeal the denial of a COA but may seek a certificate from the Ninth Circuit under Rule 22 of the Federal Rules of Appellate Procedure.  See Rule 11(a) of the Rules Governing Section 2254 Cases.

## CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. The Clerk is directed to file Docket No. 61 as a notice of appeal.

2. Petitioner's "Motion for Stay of Judgment or Order," wherein he requests to extend the time to file either a notice of appeal and/or a motion for a COA, is DENIED as moot.  Dkt. 61.

---

[2] Rule 3(c) requires the notice of appeal to (a) specify the party taking the appeal; (b) designate the judgment, order, or part thereof being appealed; and (c) name the court to which the appeal is taken.  See Fed. R. App. Proc. 3(c)(1).  Although Plaintiff's "Motion for Stay of Judgment or Order" does not name the court to which the appeal is taken, failure to meet this requirement is excused where, as here, "there is only one court to which the appeal can be taken."  United States v. Gooch, 842 F.3d 1274, 1277 (D.C. Cir. 2016); see also Lamb v. Howe, 677 F. App'x 204, 207 (6th Cir. 2017) (citing Dillon v. United States, 184 F.3d 556, 557 (6th Cir. 1999)) (same).

[3] Docket No. 61 was filed within thirty days of the date judgment was entered and is therefore timely under Federal Rule of Appellate Procedure 4(a)(1).

3. This Order terminates Docket No. 61.

4. The Clerk shall send a copy of this Order to the Ninth Circuit.

IT IS SO ORDERED.

Dated: September 23, 2021

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge